```
             UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF OHIO
                   WESTERN DIVISION
```

David Booth,                      :   Case No. 1:06-cv-122
                                  :
    Plaintiff,                    :
                                  :
vs.                               :
                                  :
Commissioner of Social Security,  :
                                  :
    Defendant.                    :

**ORDER**

Before the Court are Defendant's Objections (Doc. 11) to the Magistrate Judge's Report and Recommendation (Doc. 10). The Magistrate Judge recommended that the decision of the Administrative Law Judge be reversed, and this matter remanded for an award of Social Security disability benefits from April 1, 1999 to May 16, 2002.

**FACTUAL BACKGROUND**

The parties' briefs (Docs. 5 and 8) accurately recite Plaintiff's medical history reflected in the record. Plaintiff suffers from a variety of conditions, including peptic and duodenal ulcers, colitis, prior stomach and lung surgery, largely asymptomatic hepatitis C, and bouts with bronchitis. Plaintiff also has complained of progressively increasing lower back, right flank and leg pain since an incident in April 1999, when he injured his back while helping someone lift a heavy object. Plaintiff filed his application for disability benefits on

December 1, 2000, with a claimed onset date of April 1, 1999.

His claim was initially denied, and he sought administrative review.  ALJ Temin held a hearing on January 7, 2002.  Three weeks after the hearing, Plaintiff was evaluated by Dr. Bruce Siegel, D.O.  Dr. Siegel is a Fellow of the American Academy of Disability Evaluating Physicians, a Board Certified Independent Medical Examiner, and a family practitioner.  (TR 257)[1]  Dr. Siegel noted that Plaintiff walked with a flexed posture and mild antalgic gait, with a significant loss of lumbar lordosis and tenderness over his right sacroiliac joint.  He had positive straight leg raising, and decreased deep tendon reflexes on the right.  Dr. Siegel reviewed a July 11, 2000 MRI report which noted mild diffuse disc bulge at L4-5 and L5-S1 without definite evidence of neural compression.  (TR 213)  Dr. Siegel's assessment of Plaintiff's work capacity (TR 258-261) found Plaintiff capable of a very narrow range of sedentary work, rendering him essentially unemployable.  A follow-up MRI on February 4, 2002 showed mild diffuse disc bulge at L4-5, and bulging and narrowing at L5-S1, but again without definite nerve root compression.  On March 11, 2002, Plaintiff's treating

---

[1] Plaintiff's counsel stated at the hearing that, due to the multi-systemic nature of Plaintiff's ailments, his primary care/treating physicians did not feel they could complete a residual functional assessment.  The ALJ left the record open for Plaintiff to submit an assessment from an appropriate examining physician.  (TR 27-29)  Counsel then arranged for Plaintiff to be examined by Dr. Siegel.

orthopedist, George Griffin, completed an Ohio BWC temporary disability form finding him to be disabled on that date. (TR 450) Dr. Griffin stated that Plaintiff was unable to work beginning January 28, 2002, and gave an "estimated" return date of May 28, 2002. (TR 481)

The ALJ affirmed the denial of benefits in a May 9, 2002 Decision. (TR 11-20) The decision noted Dr. Siegel's assessment, but also noted he had only seen the Plaintiff once, and that Dr. Siegel was not an orthopedist or neurosurgeon. The ALJ also found that Dr. Siegel's assessment was "not supported by the objective evidence or the record as a whole. For example, the lumbar MRIs performed do not show nerve root compression." Several state agency reviewing physicians had concluded that Plaintiff could perform light work, and the ALJ found no evidence suggesting otherwise. The ALJ stated that he based his decision upon all of the medical evidence and Plaintiff's subjective complaints "to the extent credible." (TR 18)

Plaintiff appealed to the Southern District of Indiana district court, which remanded the claim with instructions to reconsider several issues upon which the ALJ's denial was based. (TR 347-353) The district court specifically found that the ALJ failed to give sufficient weight to Siegel's opinion.

While the district court proceedings were pending, Plaintiff filed a new application for benefits on August 12, 2002, which

was also denied. His new application was joined with his original application on remand, and ALJ Temin held a hearing on both claims on September 1, 2004. The ALJ granted a partially favorable decision, finding that Plaintiff was disabled as of May 16, 2002 (his 50th birthday), but only because of the application of Vocational Rule 201.14 (under which Plaintiff would be considered "closely approaching advanced age" and therefore disabled). The ALJ found Plaintiff was capable of a modified range of sedentary work between April 1, 1999 to May 16, 2002, and denied benefits for that period. (TR 274-287)

Plaintiff appealed the ALJ's determination to this Court, raising two objections. He contends the ALJ erred in finding that Plaintiff's degenerative disc disease did not meet or equal Listing 1.04(a). He also contends the ALJ failed to give controlling weight to the RFC opinions of Plaintiff's treating and examining physicians, by instead relying on the opinions of record reviewers and the ALJ's own opinions of the evidence. (Doc. 5, Plaintiff's Statement of Errors)

The Magistrate Judge, after a thorough review of the medical record, found that the ALJ's determination that Plaintiff's impairments do not meet or equal Listing 1.04(a) was supported by substantial evidence. Neither party has objected to the Magistrate Judge's recommendation on this issue.

The Magistrate Judge also concluded that the ALJ failed to

adequately credit Dr. Siegel's RFC assessment, and improperly substituted his lay opinion for that of Siegel, Griffin, and other physicians who examined or treated Plaintiff, contrary to the district court's instructions in the prior remand order.

The Commissioner objects.  He argues that the ALJ permissibly relied on objective evidence in the record, as well as the findings of Plaintiff's own treating physician to discount Siegel's RFC opinion.  The ALJ also considered the objective test results and Plaintiff's testimony about his subjective complaints.  The Commissioner notes that the ALJ did not blindly adopt the assessments of the state reviewers, but tailored his RFC assessment based on all the medical evidence.  The Commissioner cites 20 CFR §404.1546, which places responsibility for an RFC assessment on the ALJ, and not upon a physician.

Finally, the Commissioner objects to the Magistrate Judge's recommendation that this matter should be remanded for an award of benefits in lieu of a remand for further findings, if the Court should agree that the ALJ erred.

## DISCUSSION

Under 42 U.S.C. §405(g), this Court reviews the Commissioner's decision by determining whether the record as a whole contains substantial evidence to support the decision. "Substantial evidence means more than a mere scintilla of evidence, such as evidence a reasonable mind might accept as

adequate to support a conclusion." LeMaster v. Secretary of Health and Human Serv., 802 F.2d 839, 840 (6th Cir. 1986) (internal citation omitted). The evidence must do more than create a suspicion of the existence of the fact to be established. Id. Rather, the evidence must be enough to withstand a motion for a directed verdict when the conclusion sought to be drawn from that evidence is one of fact for the jury. Id. If the ALJ's decision is supported by substantial evidence, the Court must affirm that decision even if it would have arrived at a different conclusion based on the same evidence. Elkins v. Secretary of Health and Human Serv., 658 F.2d 437, 438 (6th Cir. 1981). The district court reviews de novo the Magistrate Judge's report and recommendation regarding Social Security benefits claims. Ivy v. Secretary of Health & Human Serv., 976 F.2d 288, 289-90 (6th Cir. 1992).

A claimant's residual functional capacity assessment is performed by the ALJ, based upon all of the "relevant medical and other evidence," pursuant to 20 CFR §404.1545(a)(3).

The Magistrate Judge found that the ALJ impermissibly substituted his own "lay opinion" for that of the examining physicians. The ALJ concluded that the Siegel and Griffin assessments were:

> . . . not consistent with the objective evidence. Dr. Griffin's treatment notes show some diminished range of motion, but generally few other significant deficits, and

-6-

> he does not show that he gave the claimant a thorough examination. ...  MRI reports do not show nerve root compression and no doctor reads them as showing compression.  Although a remote EMG showed S1 radiculopathy, the claimant does not consistently have findings consistent with radiculopathy upon clinical examinations.  Nevertheless, such is taken into account in his residual functional capacity assessment.

(TR 285)  In a footnote to his decision, the ALJ recognized that the district court had criticized him for substituting his opinion for those of Plaintiff's physicians.  He responded to this critique by stating:  "However, the undersigned, in this Decision and the original Decision, is not interpreting the MRI's, but rather noting what the MRI report itself states, i.e., that there is no definite nerve root compression."  (Id., n. 1)

It is of course undisputed that no MRI report listed "definite" nerve root compression.  The Magistrate Judge concluded that the ALJ did not appreciate that the lack of "definite" nerve root compression does not negate the assessments and opinions of Siegel and Griffin on the disabling effects of Plaintiff's disc disease.  The Magistrate Judge therefore found the ALJ had again impermissibly substituted his own opinion for that of the treating/examining physicians.

Opinions of physicians who have treated or examined the claimant receive controlling weight if they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with the other substantial

evidence in [the] case record . . .".  20 CFR §404.1527(d)(2). If the ALJ finds that either of these criteria have not been satisfied, he is required to apply the following factors in determining how much weight to give a treating physician's opinion: "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source."  Bowen v. Commissioner of Social Security, 478 F.3d 742, 747 (6th Cir. 2007), citing 20 CFR §404.1527(d)(2). The Commissioner may reject a treating physician's determinations "when good reasons are identified for not accepting them."  Hall v. Bowen, 837 F.2d 272, 276 (6th Cir. 1988).

The ALJ disagreed with Siegel and Griffin based on Griffin's failure to "thoroughly examine" Plaintiff; the lack of documentation of nerve compression; a "remote" EMG test (that the ALJ apparently discounted for its remoteness); and his belief that Plaintiff did not consistently exhibit clinical signs of radiculopathy. (TR 285)  This rationale is not sufficient under the authorities discussed above.

Dr. Griffin's records include a January 28, 2001 history and physical examination report (TR 251-252), after which Griffin continued to see Plaintiff on a regular basis.  The record simply does not support the ALJ's criticism of Griffin's failure to

-8-

thoroughly examine Plaintiff. The prior district court's opinion observed that Siegel had specifically relied on Plaintiff's lumbar radiculopathy, the MRI results, and the EMG test. The court held: "The ALJ's lay notation that the MRIs did not show nerve root compression cannot substitute for the physician's interpretation of those test results and his opinions as to the functional limitations caused by Booth's disc disease." This Court arrives at the same conclusion here. The lack of "definite" nerve compression is not a sound basis for the ALJ to reject the opinions of the physicians who actually examined and treated Plaintiff, and who found he had radiculopathy notwithstanding the lack of "definite" nerve compression.

Regarding the "remote" EMG test, it was performed on November 16, 2000. (TR 183) The test is repeatedly referred to in the record as clinical confirmation of Plaintiff's radiculopathy, and there is no suggestion from any physician that the test should have been repeated, or was suspect in some way.

Finally, the ALJ essentially rejected Plaintiff's radiculopathy diagnosis. The substantial weight of the medical evidence is to the contrary, as the Magistrate Judge notes. (See Doc. 10 at p. 18, summarizing the record citations on this issue.) The ALJ did not explain what "clinical findings" he believed were inconsistent with the radiculopathy diagnosed by Plaintiff's treating physicians and supported by the objective

EMG test results.

The Court therefore agrees with the Magistrate Judge's conclusion that the ALJ's decision lacks substantial support in the record.

The Magistrate Judge recommended that this matter be remanded for an award of benefits for the period in dispute, because all of the essential factual issues have been resolved, and the record establishes Plaintiff's entitlement to benefits for that period. See Faucher v. Secretary of H.H.S., 17 F.3d 171, 176 (6th Cir. 1994).

The Commissioner objects to this recommendation, arguing that the Magistrate Judge impermissibly adopted Dr. Siegel's opinion in lieu of the ALJ's RFC assessment. The Commissioner urges the Court to remand for further evaluation by the ALJ of Dr. Siegel's opinion, and further articulation of the record evidence contradicting Dr. Siegel's opinion.

The Court finds that a remand under the circumstances presented by this case is not required. The disability period in dispute (April 1999 to May 2002) ended almost six years ago; no additional examinations of Plaintiff as he was in January 2002 when he was examined by Siegel and Griffin are possible at this point. The ALJ has twice decided that the state reviewers, who reviewed records and did not examine Plaintiff, should trump the opinions of the physicians who did see Plaintiff during the

-10-

disputed time period.  This Court has reviewed the record de novo, as required by the statute, and has not found substantial evidence that supports the ALJ's determination of Plaintiff's ability to work.

The Magistrate Judge also cited the vocational expert's testimony that Plaintiff would be effectively precluded from employment under Dr. Siegel's assessment.  (TR 333)  Given these facts, the Court agrees with the Magistrate Judge's recommendation, as the evidence of Plaintiff's disability is clear and substantial, and a third remand of this matter would serve no useful purpose given the record presented.

## CONCLUSION

For all of the foregoing reasons, the Court adopts the Magistrate Judge's Report and Recommendation.  The Commissioner's objections are overruled.  The decision of the Administrative Law Judge is reversed, and this case is remanded with instructions to award Plaintiff benefits for the period April 9, 1999 and May 16, 2002.

Plaintiff's motion for an extension of time to reply to the Commissioner's objections (Doc. 12) is denied as moot.

SO ORDERED.

Dated: March 19, 2008         s/Sandra S. Beckwith
                              Sandra S. Beckwith, Chief Judge
                              United States District Court